1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8
9
10
11

| | |
|---|---|
| ALLISON M. CREIGHTON,<br><br>                                        Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Commissioner of<br>Social Security,<br><br>                                        Defendant. | Case No. 3:13-cv-05632-KLS<br><br>ORDER REVERSING AND<br>REMANDING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

12
13
14
15
16
17
18
19
20
21

        Plaintiff has brought this matter for judicial review of defendant's denial of her

applications for disability insurance and supplemental security income ("SSI") benefits.

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the

parties have consented to have this matter heard by the undersigned Magistrate Judge.  After

reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons

set forth below, defendant's decision to deny benefits should be reversed and that this matter

should be remanded for further administrative proceedings to reassess the medical opinion

evidence of consultative examiner Shannon L. Jones, Ph.D.

22

FACTUAL AND PROCEDURAL HISTORY

23
24
25
26

        On August 24, 2010, plaintiff protectively filed concurrent applications for Title II

Disability Insurance benefits and Title XVI Supplemental Security Income ("SSI"), alleging

disability as of July 1, 2001, due to a learning disorder, depression and bipolar affective disorder.

See Administrative Record ("AR") 153-61, 182-88.  Plaintiff's applications were denied upon

ORDER - 1

initial administrative review and on reconsideration. See AR 101-07, 109-13.  A hearing was held before an administrative law judge ("ALJ") on April 4, 2012, at which plaintiff, represented by counsel, appeared and testified, as did vocational expert ("VE") Susan Bachelder-Stewart, Ph.D. See AR 38-55.

On April 11, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 19-37.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on June 24, 2013, making the ALJ's decision defendant's final decision. See AR 1-7; see also 20 C.F.R. § 404.981, § 416.1481.  On August 2, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See Dkt. No. 4.  The administrative record was filed with the Court on October 9, 2013. See Dkt. No. 14.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for an award of benefits or, alternately, further development of the administrative record because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in finding that the severity of plaintiff's impairments did not meet or medically equal the severity of a Listing; (3) in discounting plaintiff's credibility; and (4) in assessing plaintiff's residual functional capacity. The Court agrees the ALJ erred in determining plaintiff to be not disabled, but, for the reasons set forth below, finds that while defendant's decision should be reversed, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been

ORDER - 2

applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Sec'y of Health and Human Serv., 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

I.     The ALJ's Evaluation of the Medical Evidence in the Record

Plaintiff argues that the ALJ improperly rejected the medical opinion evidence of consultative examiner Shannon L. Jones, Ph.D.  Dkt. No. 16 pp. 6-8, 11-12.  Dr.  Jones opined that plaintiff may not have the ability to interact appropriately with others and did not appear to have the ability withstand the pressures associated with day-to-day work, would not be able to carry out work activities with adequate pace and perseverance and could not be expected to maintain a regular work schedule or complete a normal work day without interruptions.  AR 326. These limitations are significant because the VE testified that an individual who is off task for more than 15% of a work day or who is unable to maintain a regular schedule could not sustain competitive employment.  AR 53.

The ALJ offered three reasons for rejecting the opinion of Dr. Jones: (1) Dr. Jones performed a one-time evaluation; (2) Dr. Jones' findings relied heavily on plaintiff's testimony, which was not credible; and (3) Dr. Jones' opinion was inconsistent with plaintiff's activities of daily living, which included caring for her children, playing with her children, watching television, visiting with friends and preparing meals.  AR 30-31 (citing AR 225-32 regarding plaintiff's daily activities).  None of these reasons are a clear and convincing reason supported by substantial evidence necessary to reject the testimony of an examining psychologist.  See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.  In resolving questions of credibility

ORDER - 4

and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining psychologist. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when an examining psychologist's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick, 157 F.3d at 725 (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

Generally, an examining doctor's opinion is "entitled to greater weight than the opinion of a nonexamining [doctor]." Lester, 81 F.3d at 830-31. A non-examining doctor's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

Plaintiff argues that Dr. Jones' opinion was uncontradicted, and therefore, the ALJ was required to give clear and convincing reasons to reject this evidence. Dkt. No. 16, p. 11. Defendant takes no position on the applicable legal standard, nor does the Commissioner point to other substantial evidence that contradicts Dr. Jones' opinion. Dkt. No. 20, pp. 7-8. Because the parties appear to be in agreement on this point, this Court applies the clear and convincing standard in assessing the ALJ's rejection of Dr. Jones' opinion.

The first reason offered by the ALJ to reject Dr. Jones' opinion, that Dr. Jones conducted a one-time evaluation, is not a clear and convincing reason. If this rationale were sufficient to reject the findings of a consultative examiner, there would be no reason for the Administration to order such evaluations. It is also notable that the Commissioner does not attempt to defend this

1    rationale.  Dkt. No. 20, pp. 7-8.

2          The ALJ's second rationale, that Dr. Jones' opinion relied heavily on plaintiff's

3    subjective reports, is not supported by substantial evidence.  A doctor's opinion premised on a

4    claimant's subjective complaints may be discounted where the record supports the ALJ in

5    discounting the claimant's credibility.  See Tonapetyan, 242 F.3d at 1149; see also Morgan v.

6    Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999) (opinion of physician

7    premised to large extent on claimant's own accounts of her symptoms and limitations may be

8    disregarded where those complaints have been properly discounted).   The Ninth Circuit has

9    stated, however, that "an ALJ does not provide clear and convincing reasons for rejecting an

10   examining [doctor's] opinion by questioning the credibility of the [claimant's] complaints where

11   the [examining doctor] does not discredit those complaints and supports his ultimate opinion

12   with his own observations." Ryan v. Comm'r of the Soc. Sec. Admin., 528 F.3d 1194, 1199-

13   1200 (9th Cir. 2008).

14          As in Ryan, 528 F.3d at 1199-1200, there is nothing in the record to suggest Dr. Jones

15   disbelieved plaintiff's description of her symptoms or relied more heavily on plaintiff's

16   subjective complaints than her own clinical observations and objective findings on mental status

17   examination ("MSE").  The Court notes that "experienced clinicians attend to detail and subtlety

18   in behavior, such as the affect accompanying thought or ideas, the significance of gesture or

19   mannerism, and the unspoken message of conversation. The Mental Status Examination allows

20   the organization, completion and communication of these observations." Paula T. Trzepacz and

21   Robert W. Baker, The Psychiatric Mental Status Examination 3 (Oxford University Press 1993).

22   "Like the physical examination, the Mental Status Examination is termed the objective portion of

23   the patient evaluation." Id. at 4 (emphasis in original).  Although "anyone can have a

ORDER - 6

conversation with a patient, [] appropriate knowledge, vocabulary and skills can elevate the clinician's 'conversation' to a 'mental status examination.'" Id. at 3.  A mental health professional is trained to observe patients for signs of their mental health not rendered obvious by the patient's subjective reports, in part because the patient's self-reported history is "biased by their understanding, experiences, intellect and personality" (id. at 4), and, in part, because it is not uncommon for a person suffering from a mental illness to be unaware that her "condition reflects a potentially serious mental illness." Van Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996) (citation omitted).

The MSE conducted by Dr. Jones revealed difficulties with memory, focus and concentration.  See AR 325-26.  Plaintiff's performance on the MSE was consistent with Dr. Jones' clinical observations of plaintiff's behavior during the examination.  AR 325.  In her psychological summary, Dr. Jones wrote: "[plaintiff] was anxious and agitated throughout the evaluation.  Her focus and concentration appeared to be impaired."  AR 326.  Early in the interview, Dr. Jones observed that plaintiff had a difficult time tracking simple and complex ideational material.  AR 325.  Dr. Jones also wrote that on examination, plaintiff displayed mild psychomotor agitation and appeared anxious (AR 324).  Plaintiff's affect was labile and she was clearly anxious.  AR 325. "She was fidgety and agitated throughout the evaluation []" and had a difficult time staying focused throughout the evaluation.  AR 325.  During the MSE, Plaintiff displayed a poor fund of knowledge and had difficulty recalling remote and recent information.  AR 325.  Dr. Jones's opinion regarding plaintiff's functional limitations is consistent with these objective findings and clinical observations.  There is nothing in the record to suggest that Dr. Jones' weighed plaintiff's complaints more heavily than her own findings and observations.

The third reason offered by the ALJ, that Dr. Jones' opinion was inconsistent with

ORDER - 7

plaintiff's reported daily activities, is also not supported by substantial evidence.  The record

indicates that Dr. Jones was aware of plaintiff's activities and considered them in forming her

opinion regarding plaintiff's functional capacity.  AR 325-26.  Although an ALJ may properly

reject a doctor's opinion if it is inconsistent with plaintiff's activities, the ALJ also must

explain why his own interpretations, rather than those of the doctors, are correct. See

Morgan, 169 F.3d at 601-02 (upholding rejection of physician's conclusion that claimant

suffered from marked limitations in part on basis that other evidence of claimant's ability to

function, including reported activities of daily living, contradicted that conclusion); See Embrey

v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988) (finding that the ALJ's rejection of the

medical opinion evidence was inadequate because the ALJ merely stated that objective

factors pointed to an adverse finding without relating those factors to specific medical

opinions and findings).  Here, the ALJ's explanation was insufficient.

The ALJ concluded Dr. Jones' opinion was "inconsistent with [plaintiff's] activities of

daily living, which include caring for her children, playing with her children, watching

television, visiting with friends and preparing meals."  AR 31.  However, with the exception of

watching television, plaintiff reported all of these activities to Dr. Jones.   AR 325-26.  The ALJ

failed to explain how plaintiff's ability to watch television, contradicted Dr. Jones' opinion and

findings regarding plaintiff's functional limitations.  Pointing to plaintiff's ability to watch

television, without more, is not substantial evidence sufficient to rebut Dr. Jones' opinion that

plaintiff would not be able to carry out work related activities with adequate pace and

perseverance.  The ALJ offered no explanation of why his interpretation of plaintiff's

activities, rather than Dr. Jones', is correct.  For these reasons, the ALJ did not offer clear

and convincing reasons supported by substantial evidence to reject the opinion of Dr.

Jones.  See Lester, 81 F.3d at 830.

II.     This Matter Should Be Remanded for Further Administrative Proceedings

        The Court may remand this case "either for additional evidence and findings or to award

benefits." Smolen, 80 F.3d at 1292.  Generally, when the Court reverses an ALJ's decision, "the

proper course, except in rare circumstances, is to remand to the agency for additional

investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations

omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is

unable to perform gainful employment in the national economy," that "remand for an immediate

award of benefits is appropriate." Id.

        Benefits may be awarded where "the record has been fully developed" and "further

administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan

v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded

where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
> claimant's] evidence, (2) there are no outstanding issues that must be resolved
> before a determination of disability can be made, and (3) it is clear from the
> record that the ALJ would be required to find the claimant disabled were such
> evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Here, remand is appropriate to further develop the record regarding the medical opinion of Dr.

Jones.

CONCLUSION

        Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded

plaintiff was not disabled.  Accordingly, defendant's decision is REVERSED and this matter is

ORDER - 9

1   REMANDED for further administrative proceedings in accordance with the findings contained

2   herein.

3           DATED this 16th day of May, 2014.

4

5

6

7                                          Karen L. Strombom
                                           United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 10